No. 546

THOMAS SPACING MACH. CO. v. STACEY MFG. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2992. Decided April 4, 1927.

1255. **WARRANTY**—In order to prove a breach of warranty, a warranty must be proven for the particular purpose claimed, and the breach of said warranty, by the preponderance of the evidence.

225. **CHARGE OF COURT**—There is no error in the charge of court unless said charge is prejudicial.

**First Publication of this Opinion**

PER CURIAM

The Thomas Spacing Machine Company brought an action on a promissory note to recover from the Stacey Manufacturing Co., $2,500 with interest from Aug. 16, 1920.

The Manufacturing Co. admitted the execution and delivery of the note, and that it had not been paid. For defense, it pleaded that it purchased from the Spacing Machine Co. certain equipment for which it agreed to pay the sum of $16,000; that it paid all of this sum excepting $2,500; and claimed that the Spacing Machine Co. warranted the equipment to do the work of the Manufacturing Co.

The issue made by the cross petition and the reply was as to whether or not there was a warranty, and whether there was a breach of said warranty. In its charge the trial court said: "I repeat, that the sole basis on which the Stacey Manufacturing Company can recover on its cross-petition is by proving its claim of a warranty for the particular purpose claimed and the breach of said warranty, by the preponderance of the evidence." The Court of Appeals affirmed the judgment of the Common Pleas, holding:

It is claimed that the trial court erred in its charge to the jury on the question of interest. This charge was not prejudicial to the plaintiff in error.

Judgment affirmed.

(Hamilton, PJ., Cushing and Buchwalter, JJ., concur).

Attorneys—Bolsinger & Black for Spacing Machine Co.; Wm. R. Collins, for Manufacturing Co.; all of Cincinnati.

Note:—This case has been carried to the Supreme Court on motion to certify. Dock. 5-16-27, 5 Abs. 330.